UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHANIEL ODUM, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW SANTERRE, STEVEN CEBALLOS, TAYLOR TURNER, and ANTHROP, <br><br> Defendants. | CAUSE NO. 3:24-CV-967-TLS-AZ |

**OPINION AND ORDER**

Nathaniel Odum, a prisoner without a lawyer, filed a complaint alleging four Lafayette Police Officers used excessive force when they arrested him without a warrant on January 29, 2023. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This is not the first time Odum has sued these police officers related to these events—it is his third. In both *Odum v. Santerre*, 4:24-cv-1 (N.D. Indiana filed January 3, 2024) and *Odum v. Santerre*, 4:24-cv-6 (N.D. Indiana January 18, 2024), these claims were adjudicated on the merits when they were dismissed under Federal Rule of Civil Procedure 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on

the merits."). The reason there are two cases which adjudicated the same claims is because Odum filed the first in this Court and the other in State court before it was removed to federal court. Both cases were abandoned by him (and dismissed with prejudice) before it was determined that they were duplicate lawsuits.

"The doctrine of *res judicata*, or claim preclusion, 'protects the finality' of a judgment and 'prevents parties from undermining it by attempting to relitigate the claim.'" *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (citing *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011)). There are several requirements for res judicata to apply: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Hwy. J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002)). Here, all these requirements are met. It is frivolous and malicious to sue the same defendants for the same events after judgment has already been entered on those claims.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the Court hereby DISMISSES this case under 28 U.S.C. § 1915A because this case is frivolous and malicious.

SO ORDERED on December 9, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT